**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:  (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

Attorneys for Plaintiff, ALISA GOLZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA GOLZ, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana corporation; TORCHMARK CORPORATION, a Delaware corporation,<br><br>Defendants. | CASE NO. 2:18−cv−09879 R (SSx)<br><br>**CLASS ACTION** FIRST AMENDED COMPLAINT FOR:<br><br>1. **Meal and Rest Break Violations (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**<br>2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and California *Labor Code* §§ 510, 1194);**<br>3. **Failure to Pay Minimum Wages in Violation of California Labor Code 1197;**<br>4. **Violation of California *Labor Code* §2802; and,**<br>5. **Unfair Business Practices (*Business and Professions Code* § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ALISA GOLZ (hereinafter referred to as "Plaintiff"), hereby submits her Class and Collective Action Complaint against Defendants AMERICAN INCOME LIFE INSURANCE COMPANY, an Indiana corporation, ("AILIC") and TORCHMARK CORPORATION, a Delaware corporation ("Torchmark") (hereinafter collectively referred to as

"Defendants") on behalf of themselves and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 226.7, 510, 512, 1194, 1197, and, 2802; 12 California Code of Regulations § 11040, California Business and Professions Code § 17200, et seq., and (Unfair Practices Act). .

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and California Business and Professions Code against employees of Defendants.

3.      Plaintiff alleges that Defendants misclassified their employees as "independent contractors" when the true classification should have been that of "employee."  Plaintiff seeks relief on behalf of herself and the members of the plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the plaintiff class all wages due to them.

4.      Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California Labor Code, California Business and Professions Code, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.      The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California Labor Code, and, California Business and Professions Code.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over the violations of the California Labor Code §§

**CLASS ACTION FIRST AMENDED COMPLAINT**

510, 512, 1194, 1197, 2802 12 California Code of Regulations § 11040, and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

7.     Venue is proper because Defendants do business in Los Angeles County, which is part of the Central District of California.  In addition, Plaintiff attended Defendants' training at 1900 West Garvey Avenue South # 340, West Covina, California 91790 in Los Angeles County and the work performed by Plaintiff from Defendants were earned in Los Angeles County.

<u>**PARTIES**</u>

8.     Plaintiff was misclassified by Defendants as an Independent Contractor from approximately June 2015 through September 2015.  Defendants located Plaintiff's resume online on a website called Indeed.com.  She was contacted by a representative from AILIC and scheduled an "interview."  The "interview" consisted of a large room with approximately 30-40 people in it listening to representatives of AILIC attempt to convince potential trainees of the high-income earning potential as an insurance sales agent for AILIC.

9.     Plaintiff was hired by Defendants to work at Defendant AILF as a "Trainee" to eventually become a life insurance sales agent.

10.     Plaintiff attended unpaid on-site training by Defendants and their employees at AILIC's office located at 1900 West Garvey Avenue South # 340, West Covina, California 91790.  Plaintiff reported to Defendants' employees directly, including Desi Dimitrova. Plaintiff also "shadowed" Defendants' employees in the field as part of Defendants' life insurance sales training program.

11.     Plaintiff also required to pay $400 to take an online training class to get her life insurance license for which she was never reimbursed by Defendants.

12.     Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed to her by California <u>Labor Code</u> §§ 510, 512, 1194, 1197, 12 California Code of Regulations § 11040, and California <u>Business and Professions Code</u> §17200, et seq., (Unfair Practices Act).

13.     Plaintiff is informed and believes and based thereon alleges Defendant AILIC

-3-
**CLASS ACTION FIRST AMENDED COMPLAINT**

was and still is an Indiana corporation doing business in the State of California and was engaged in the sales of life, accident, and supplemental health products to help members of labor unions, credit unions, associations and their families.  Defendant AILIC is a wholly owned subsidiary of Torchmark.

14.     Defendant Torchmark is a financial service holding company specializing in life and supplemental health insurance for middle-income Americans, marketed through multiple distribution channels.   Defendant Torchmark was also engaged in marketing life and supplemental health insurance for middle-income families through its affiliate companies.

15.     According to https://www.ailife.com/Products (Searched on September 25, 2018), AILIC has locations throughout the United States and does business in all 50 states identified on their website.

16.     According to https://www.torchmarkcorp.com/careers-redirect/ and https://www.globelifeinsurance.com/careers (Searched on September 25, 2018), Torchmark has office locations throughout the United States, including but not limited to California, Texas, Ohio, and Nebraska.

17.     Plaintiff is informed and believes and based thereon alleges Defendant Torchmark was and still is a Delaware corporation doing business in the State of California.

18.     As such and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 510, 512, 1194, 1197, 2802 12 California Code of Regulations § 11040, and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

19.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

20.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

**CLASS ACTION FIRST AMENDED COMPLAINT**

joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

21.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

22.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

23.     The members of the plaintiff class, including the representative Plaintiff named herein, have been employed during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## FACTUAL ALLEGATIONS

24.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25.     This class action is brought on behalf of all California based "Independent Contractors" who were improperly classified and not paid minimum wages or overtime nor provided proper meal and rest breaks as required by the California Labor Code.

26.     In California, there is a presumption, as set forth in California Labor Code section 3357, that workers are employees.

27.     At times relevant, Defendants represented to Plaintiff, and other Trainees, that they are independent contractors not employees, such representation was included in an "Agent

Contract" that AILF presents to Trainees, including Plaintiff, and directs them sign it.

28.     California <u>Labor Code</u> section 3353 defines an "independent contractor" as a "person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."

29.     Despite AILF having Trainees, including Plaintiff, sign a document which represents to them that they are independent contractors, the fact is that Plaintiff and other Trainees, under the law, are/were employees of Defendants, at times relevant, and not independent contractors.

30.     Plaintiff, and on information and belief other Trainees, relied on Defendants' statements and representations that they were independent contractors, and did so to their detriment and with justifiable reliance on Defendants' representations. Plaintiff and other Trainees, on information and belief, have suffered the damages and injuries alleged and Defendants' misrepresentations are/were the proximate and direct cause of these injuries and damages.

31.     Plaintiff and members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

   a.  Misclassified Plaintiff and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's wage and hour laws;

   b.  Misclassified Plaintiff and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's overtime wage laws;

   c.  Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

   d.  Deprived Plaintiff and the other members of the plaintiff class of statutorily required meal periods;

**CLASS ACTION FIRST AMENDED COMPLAINT**

e.   Failed to pay Plaintiff and the other members of the putative class for business related expenses in violation of California <u>Labor Code</u> §2802; and,

f.   Failed to authorize and permit Plaintiff and the other members of the plaintiff class to take the requisite rest periods.

32.   Defendants exercise sufficient control over their Trainees such that Trainees are not persons who render services for a specified recompense for a specified result, solely under the control of his principal as to the result of his work only, and solely as to the means by which such result is accomplished.

33.   Trainees, including Plaintiff's, job duties were directed by Defendants.

34.   Defendants required Trainees, including Plaintiff, to be on-site during certain hours and they did not have the ability to make their own decisions regarding schedules or other specifics of the job.  Rather, they were under the direction and control of Defendants.

35.   Plaintiff, and other Trainees, were required to work on-site at AILF and to attend training courses in its West Covina, California office.  Trainees were also required to "shadow" employees of Defendants in the field performing tasks relating to the sales of life insurance. Some of these days lasted in excess of 12 hours.

36.   Defendants control the method and means of Trainees' work including that of Plaintiff and not merely the result of the work.

37.   Defendants, not Trainees, control Trainees' recompense, determining the hourly rate of pay, the payment and invoicing dates, whether additional hours sought to be paid will actually be paid, what items are reimbursable, and the fact that Trainees, not Defendants, shall pay Defendants' side of employment taxes and other business-related expenses.

38.   Plaintiff is unable to ascertain her actual hourly rate because she never received a single paystub that reflected her applicable hourly rate, total hours worked, gross wages earned, or net wages earned; however, the hourly rate for Plaintiff and the members of the plaintiff class were set by Defendants.

39.   Defendants dictated the allotted amount of time its Trainees spent in the field or on-site at the AILIC office.  Defendants had a uniform policy of failing to pay minimum wage

**CLASS ACTION FIRST AMENDED COMPLAINT**

or all overtime worked by the employees.

40.     Plaintiff and other Trainees, at all relevant times worked under and subject to the control of Defendants as set forth in Defendants' numerous policies, practices and procedures.

41.     Plaintiff believes and thereon alleges that Trainees were directed to adhere to Defendants' policies and protocols.

42.     Plaintiff and other Trainees and similar job titles are non-exempt employees as no exemption applies, under the combination of the duties and salary tests, including but not limited to the outside sales, inside sales, administrative, executive and professional exemptions.

43.     Plaintiff alleges that neither she nor the other members of the plaintiff class were able to take timely meal and rest breaks and were not encouraged or told to take them.

44.     Defendants do not maintain the required employment records of its Independent Contractors due to the fact that Defendants misclassify them.

45.     Plaintiff is informed and, on that basis, believes that all other similarly situated employees of Defendants were under the same circumstances and conditions as she. Specifically, all other similarly situated employees were misclassified as Independent Contractors instead of hourly employees with applicable hourly rates and did not receive any minimum wage pay, overtime pay for overtime hours worked nor were they provided with uninterrupted rest periods and meal breaks or with accurate itemized wage statements.

***Defendants' Failure to Provide Meal Breaks***

46.     Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relived of all duties by requiring them to remain on duty.

47.     Throughout the Class Period, Defendants regularly:

    a.     Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b.     Failed to provide Plaintiff and the members of the plaintiff class with a

**CLASS ACTION FIRST AMENDED COMPLAINT**

second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

  c. Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

  d. Failed to accurately record all meal periods.

**Defendants' Failure to Provide Rest Breaks**

48. At all times, relevant hereto, California Labor Code § 226.7 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

49. At all times, relevant hereto, California Labor Code § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

50. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendants failed to provide rest periods.

51. Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

52. Specifically, throughout the Class Period, Defendants regularly:

  a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

  b. Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

///

*Defendants' Failure to Pay Minimum Wages*

53.     IWC Wage Order number 4, section 2(K) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

54.     California <u>Labor Code</u> § 1182.12 and former WC Wage Order, number 4, section 4 provide that on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour.

55.     California <u>Labor Code</u> § 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage [], including interest thereon, reasonable attorney's fees, and costs of suit."

56.     California <u>Labor Code</u> § 1194.2(a) provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

57.     California <u>Labor Code</u> § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

58.     Defendants classified Plaintiff and plaintiff class members as Independent Contractors and represented that they would be paid on an hourly basis. Hours worked include, but are not limited to, all hours that an employee is permitted or suffered to work including, but not limited to, off-the-clock work that an employer either knew or should have known that an employee was performing.

59.     As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and plaintiff class members to work portions of the day during which they were subject to Defendants' control, but Defendants failed to compensate them.

60.     Throughout the Class Period, Plaintiff, and the other members of the plaintiff

**CLASS ACTION FIRST AMENDED COMPLAINT**

class, were subject to Defendants' practice of failing to pay minimum wages for hours worked. As a result, Plaintiff and the other members of the putative class were routinely denied compensation for all hours worked.

61.   Based upon information and belief, Defendants did not maintain adequate records of all wages earned, hours worked, and meal and rest breaks taken.

***Defendants' Failure to Pay Overtime Compensation***

62.   Plaintiff alleges that she and the members of the plaintiff class were not paid for overtime on a routine basis.

63.   California <u>Labor Code</u> § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

64.   California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California <u>Labor Code</u> § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  California <u>Labor Code</u> § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

65.   Throughout the Class Period, Wage Order No. 4-2001, Section (4) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

66.   Defendants misclassified Plaintiff and plaintiff class members as independent contractors and therefore they did not receive overtime compensation for all hours worked in

**CLASS ACTION FIRST AMENDED COMPLAINT**

excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

67.     As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and plaintiff class members to work portions of the day during which they were subject to Defendants' control and failed to compensate them.   Accordingly, Defendants failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

*Facts Regarding Willfulness*

68.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

69.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff, for all hours worked, including overtime.

70.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

71.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay the plaintiff class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

///

///

**CLASS ACTION FIRST AMENDED COMPLAINT**

**CLASS ACTION ALLEGATIONS**

72.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to California Code of Civil Procedure §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Plaintiff Class:**

All individuals employed by Defendants who held job titles of Insurance Agents, Insurance Agent Trainee or likewise that were classified as "Independent Contractors" during the Class Period.

**Terminated Sub Class:**

All members of the Plaintiff Class that were classified as "Independent Contractors" who held job titles of Insurance Agents, Insurance Agent Trainee or likewise during the Class Period and whose employment ended during the Class Period.

(collectively, "Plaintiff Class" or "Class Members")

74.    The Class Period is the period from October 18, 2014, through and including the date judgment is rendered in this matter.

75.    The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

76.    Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.    Whether the members of the Classes should have been classified as employees

instead of independent contractors;

b.  Whether Defendants failed to pay overtime compensation to the members of the Classes by virtue of Defendants' misclassification in violation of the Labor Code and the IWC Wage Orders;

c.  Whether Defendants failed and continue to fail to provide meal periods to the members of the Classes in violation of the California <u>Labor Code</u> and IWC Wage Orders;

d.  Whether Defendants failed and continue to fail to authorize and permit members of the Classes to take rest periods in violation of the Labor Code and IWC Wage Orders;

e.  Whether the members of the Classes are entitled to seek recovery of penalties pursuant to California <u>Labor Code</u> §558 and, if so, for what time period(s);

f.  Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

g.  Whether Defendants violated California <u>Labor Code</u> § 2802 by having Plaintiff and the members of the Classes pay for their own business-related expenses; and

h.  Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, <u>Bus. & Prof. Code</u> § 17200, *et seq*.

77.  The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class.  Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

78.  Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action

**CLASS ACTION FIRST AMENDED COMPLAINT**

vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

80.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

> a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and
>
> b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

### FIRST CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS

**(California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040)**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

81.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

82.     California <u>Labor Code</u> § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

83.     California <u>Labor Code</u> § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

84.     California <u>Labor Code</u> § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

85.     Section 9(A) of Wage Order No. 4-2001 provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

86.     Section 9(B) of Wage Order No. 4-2001 provides that "An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived"

87.     Section 9(C) of Wage Order No. 4-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

88.     California <u>Labor Code</u> § 226.7(a) provides that "No employer shall require any

employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

89.     At all times, relevant hereto, California <u>Labor Code</u> § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

90.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

91.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

92.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

93.     Defendants failed to comply with the required meal periods established by California <u>Labor Code</u> § 226.7, California <u>Labor Code</u> § 512, and the applicable Wage Order.

94.     Defendants failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

95.     Pursuant to Section 9 Wage Order No. 4-2001, and California <u>Labor Code</u> § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

96.     At all times relevant to this Complaint, each Defendants failed, and has continued to fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

97.     Thus, throughout the Class Period, Defendants regularly:

(a)     Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty

**CLASS ACTION FIRST AMENDED COMPLAINT**

for each four (4) hours of work; and

(b)    Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

98. As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

99. Pursuant to California <u>Labor Code</u> §§ 226.7, 512, and Wage Order 4, as a result of Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

100.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

101.    California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

102.    Defendants have failed and refused to pay to Plaintiff and each member of the Plaintiff Class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued.  Based upon information and belief, Plaintiff and the other members of the Plaintiff Class were not routinely paid overtime when they worked in excess of eight (8) hours in a given day.

**CLASS ACTION FIRST AMENDED COMPLAINT**

103.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

104.    The applicable overtime requirements fixed by the commission for Plaintiff and the Plaintiff Class, are found in Wage Order 4-2001.

105.    Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the Plaintiff Class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (California *Labor Code* §§ 558, 1194, 1194.2,

### 1197 & 1198, and Wage Order 4)

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

106.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

107.    At all times relevant to this Complaint, and during the Wage Claims Class Period, each Defendants failed, and has continued to fail, to pay Plaintiff and each member of the Minimum Wages Class all wages due including, without limitation, the minimum wage for time worked that was not properly calculated and paid for by Defendants.

108.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each member of the Plaintiff Class has been deprived of minimum wages due in amounts to be determined at trial.

109.    Pursuant to California Labor Code §§1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all minimum wages due, Plaintiff and members of the Plaintiff Class are entitled to each recover the unpaid minimum wages and liquidated damages in an amount equal to the minimum wages unlawfully unpaid, plus interest, fees and costs thereon.

///

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE §2802**

**(By Plaintiff and the Plaintiff Class Against Defendant)**

110.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

111.   Pursuant to California *Labor Code* section 2802(a) an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.  Further, pursuant to the applicable wage order, an employer may not require an employee to reimburse it for any cash shortage, breakage, or loss of equipment unless it is caused by the employee's dishonesty, willful act, or gross negligence.

112.   Defendants have intentionally and willfully both failed to reimburse and/or pay Plaintiff and the other class members for business related expenses, including but not limited to the $400 for the online training class to obtain a life insurance license.

113.   As a result of Defendants' violation of California Labor Code Section 2802(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

114.   More specifically, Plaintiff and the other members of the Plaintiff Class have been injured by Defendants' intentional and willful violation of California Labor Code Section 2802(a), because they were denied both their legal right and protected interest, in the reimbursement and payment of business-related expenses.

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION: CALIFORNIA BUSINESS AND**

**PROFESSIONS CODE § 17200, etc.**

**(By Plaintiff, the Plaintiff Class, and the General Public, Against All Defendants)**

115.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

116.   Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

**CLASS ACTION FIRST AMENDED COMPLAINT**

117.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

118.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California Business and Professions Code § 17200, *et seq*.

119.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

120.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

121.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

122.    During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

123.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the Business and Professions Code.

124.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies

**CLASS ACTION FIRST AMENDED COMPLAINT**

and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

125.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

126.    Defendants' course of conduct described herein further violates California <u>Business and Professions</u> Code § 17200 in that it is fraudulent, improper, and unfair.

127.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the Plaintiff Class, prays for judgment against Defendants as follows:

1.    For an order certifying the proposed class;

2.    For nominal damages;

3.    For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4.    For penalties as permitted by the California <u>Labor Code</u>, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by Labor Code §§ 510, 512, 512(a), 558, 1174, 1194.2, 1194.5, 1197 and 1198;

5.    For interest as permitted by statute, including California <u>Labor Code</u> § 218.6;

6.    For costs of suit and expenses incurred herein as permitted by statute, including California <u>Labor Code</u> §1194;

7.    For attorney's fees as permitted by statute, including California <u>Labor Code</u> §§ 226 and 1194; and

8.    For all such other and further relief that the Court may deem just and proper.

**CLASS ACTION FIRST AMENDED COMPLAINT**

DATED:  February 5, 2019                    **BRADLEY/ GROMBACHER, LLP**


                                            By:  _/s/Marcus J. Bradley_____
                                                 Marcus J. Bradley, Esq.
                                                 Kiley L. Grombacher, Esq.
                                                 Taylor L. Emerson, Esq.
                                                 Attorneys for Plaintiff


                              **<u>JURY DEMAND</u>**

        Plaintiff demands a trial by jury on all issues so triable as a matter of right.


DATED:  February 5, 2019                    **BRADLEY/GROMBACHER, LLP**


                                            By:  _/s/Marcus J. Bradley_____
                                                 Marcus J. Bradley, Esq.
                                                 Kiley L. Grombacher, Esq.
                                                 Taylor L. Emerson, Esq.
                                                 Attorneys for Plaintiff

**CLASS ACTION FIRST AMENDED COMPLAINT**